The case states that Spurlin was put in possession of the still at or shortly after the making of the contract; in addition to this, it was Rutherford's duty to furnish the amount of corn specified in the contract, and we must take it for granted that he did so, otherwise he could not have (363) effected a recovery against Spurlin for a breach of contract, which the case states he did. If the still and corn were furnished, it was the duty of Spurlin to have had the whiskey ready by the first day of April ensuing, which we must take it for granted he had not ready in that time, otherwise a recovery for breach of contract could not have been had against him. But what cause of action can Spurlin have against Rutherford? The only one stated is, that two years after the making of the contract the still was missing, and shortly after was seen in the possession of the defendant. There was only one way under the contract that the plaintiff could acquire a right to the still, and that was by making the whiskey agreeably to the contract, which from the case stated, I assume as a fact, he did not do. Of course, he had no right to the still, and although a trespass might have been committed in taking the still from him by violence, which does not appear to have been the case, he cannot in any form of action recover either the still or its value from the defendant, who is the real owner of it. For these reasons, I think there should be a new trial. If the facts in the first action were not as above assumed, let them be explained and set forth as they were proved. As to the other question, namely, Is the action barred by the statute of limitations? I clearly think it is, for the reasons given by Judge Seawell. *Page 266 
(364)